IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SPENCER BROWN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-16-1203 |
| RAPID RESPONSE DELIVERY, INC. et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Spencer Brown, Zaire Acquaah, Lijalem Uregeha, Albert Sims, and Vincent Emmare (collectively, "Plaintiffs") bring this putative collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl., § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, *et seq.* ("MWPCL") seeking to recover unpaid wages, statutory damages, and related relief. (ECF No. 17.)

Currently pending before this Court are (1) Defendants' Motions to Dismiss Count VII of Plaintiffs' First Amended Complaint in which Plaintiff Brown alleges abusive discharge ("Defendants' Motions") (ECF Nos. 22, 37),[1] and (2) Plaintiffs' Motion to Dismiss Rapid Response Delivery, Inc.'s Counterclaim ("Plaintiffs' Motion") (ECF No. 40).[2] The parties'

---

[1] Defendant Rapid Response Delivery, Inc. filed its Motion to Dismiss Count VII, Brown's abusive discharge claim, on July 7, 2016. (ECF No. 22.) On August 5, 2016, defendants NAPA Auto Parts of Hunt Valley, LLC and Timonium Auto Parts, Inc. filed a separate Motion adopting and joining in Rapid's July 7 Motion to Dismiss. (ECF No. 37.)

[2] Also pending is plaintiffs' Motion for Conditional Certification of an FLSA Collective Action. (ECF No. 27.) This Motion will be addressed by separate Memorandum Opinion and Order.

1

submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons stated below, Defendants' Motions to Dismiss Count VII in which Plaintiff Brown alleges abusive discharge (ECF Nos. 22, 37) are GRANTED, and Plaintiffs' Motion to Dismiss Defendant's Counterclaim (ECF No. 40) is DENIED.

## BACKGROUND

Defendant Rapid Response Delivery, Inc. ("RRD") operates a delivery service located in Savage, Maryland and employs courier drivers to make deliveries in Maryland and surrounding states. (ECF No. 17 at ¶ 21.) Plaintiffs work (or worked) as drivers for RRD and were assigned to drive exclusively for NAPA Auto Parts of Hunt Valley, LLC ("NAPA") and Timonium Auto Parts, Inc. ("TAP"), two of RRD's clients. (*Id.* at ¶ 22.) Plaintiffs performed this work at varying times since April 15, 2013.[3] (*Id.* at ¶ 23.)

Plaintiffs allege that RRD compensated Plaintiffs "a set amount for each delivery completed dependent on the mileage of the delivery," and no other compensation. (ECF No. 17 at ¶ 25.) NAPA and TAP schedule Plaintiffs to perform the delivery work from 8:00 a.m. to 6:00 p.m. from Monday through Friday, plus at least one 7:00 a.m. to 4:00 p.m. Saturday shift per month. (*Id.* at ¶ 26.) Thus, while Plaintiffs "regularly work more than 40 hours per week," defendants allegedly do not pay Plaintiffs additional compensation for overtime work and do not pay Plaintiffs the minimum wage for every hour of work performed. (*Id.* at ¶¶ 33-34.)

---

[3] The Court notes that this alleged date is three years <u>and one week</u> prior to the date of filing of this lawsuit—April 22, 2016. (ECF No. 1.) Actions to recover unpaid overtime wages under the FLSA must generally be brought no more than two years after the cause of action accrues. *See* 29 U.S.C. § 255(a). The limitations period is extended to three years only if the plaintiff can show that the violation was "willful," i.e., that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *See Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Unlike the FLSA, however, the statute of limitations for MWHL claims is three years. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. *See also Orellana v. Cienna Properties, LLC*, No. CIV.A. JKB-11-2515, 2012 WL 203421, at *5 (D. Md. Jan. 23, 2012). While there thus appears to be a one week discrepancy, the parties have not addressed this admittedly minor timing issue in their papers, and the Court will not address this issue herein.

In addition, plaintiff Spencer Brown alleges two individual claims: first, for retaliation under the FLSA; second, for abusive discharge in violation of the public policy of the State of Maryland. (ECF No. 17 at ¶¶ 89-103.) These claims are unique to Mr. Brown and separate from the putative class claims. Through these causes of action, Mr. Brown seeks to hold defendants liable for taking retaliatory, adverse actions against him based on his filing of the instant lawsuit—a protected activity under the FLSA and MWHL. (*Id.*)

Finally, RRD has filed a counterclaim for breach of contract against Plaintiffs. (ECF No. 34 at 14-18.) RRD alleges that each of the named Plaintiffs entered into a valid contract with RRD, the "Independent Contractor Agreement" ("ICA"), to perform messenger delivery services for RRD. (Counterclaim, ECF No. 34 at ¶ 3.) The ICA purports to define the legal relationship between RRD and each plaintiff as one "of service recipient and independent contractor." (*Id.* at ¶ 4.) RRD asserts that Plaintiffs' lawsuit against RRD is "in direct contravention to the express terms of the" ICA and seeks indemnification for costs and attorney's fees incurred defending against plaintiffs' claims. (*Id.* at ¶¶ 12-14.)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

3

8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

### I. Defendants' Motions to Dismiss Count VII of Plaintiffs' Complaint

Defendants move to dismiss plaintiff Spencer Brown's claim for abusive discharge. (ECF Nos. 22, 37.) Defendants argue that plaintiff Brown's claim cannot be sustained because the FLSA and MWHL already provide statutory remedies for the wrongful acts alleged. (ECF No. 22-1 at 5-8.) Defendants rely on the Maryland Court of Appeals' decision in *Chappell v. S. Maryland Hosp., Inc.*, 320 Md. 483, 490, 578 A.2d 766, 770 (1990), a case involving an FLSA

retaliation claim in which the Court reiterated its earlier holding that, "the tort of abusive discharge will not lie where the public policy sought to be vindicated by the tort is expressed in a statute which carries its own remedy for vindicating that public policy." *See Makovi v. Sherwin-Williams Co.,* 316 Md. 603, 561 A.2d 179 (1989).

Plaintiff Brown argues in opposition that the tort of wrongful discharge is a viable cause of action under Maryland law, and, moreover, that this Court's decision in *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 747 (D. Md. 2010), allows plaintiff "to pursue parallel claims under the FLSA and Maryland common law, because the Maryland claim was presented as an alternative theory of recovery." (ECF No. 32 at 3-4.)

Maryland law recognizes the tort of abusive discharge for at-will employees whose termination "contravenes some clear mandate of public policy." *Adler v. Am. Standard Corp.,* 291 Md. 31, 432 A.2d 464, 473 (Md. 1981). Such claims are limited to instances that otherwise would not be vindicated by a statutory remedy. *Makovi v. Sherwin–Williams Co. .,* 316 Md. 603, 561 A.2d 179, 180 (Md. 1989). As the Court recently explained in *Ruyter v. Maryland CVS Pharmacy*:

> "The tort is designed to fill gaps in statutory coverage: When a plaintiff is terminated in a way that violates some public policy, but there is no statute protecting against such conduct, then the plaintiff may bring an abusive discharge claim to remedy the harm. When a plaintiff has an available remedy under a federal or state statute, however, there is no need to file a wrongful termination claim, and the plaintiff is precluded from doing so."

*Ruyter v. Maryland CVS Pharmacy, LLC*, No. CIV.A. TDC-14-2541, 2015 WL 759425, at *3 (D. Md. Feb. 20, 2015) (internal references omitted) (citing *Chappell,* 320 Md. at 493, 578 A.2d at 772).

In this case, as in *Ruyter*, defendants do not dispute that plaintiff stated a plausible claim for retaliation under the FLSA; indeed, defendants do not seek dismissal of the FLSA retaliation


claim set forth in Count VI.[4]  *See* ECF Nos. 22, 37.  The fact that defendants do not contest application of the FLSA to plaintiff's claims distinguishes the instant case from *Randolph*.  As Judge Chuang of this Court aptly explained in *Ruyter*:

> At first blush, *Randolph* appears to spurn the rule outlined in *Adler, Makovi,* and *Chappell*.  The result in *Randolph* was warranted, however, because the parties, at the time, contested whether the FLSA applied.  At the motion to dismiss stage, the employer argued that the employee did not engage in a protected activity when she filed a complaint with a state agency, thereby precluding her from claiming retaliation under the FLSA.  The court concluded that the employee had stated a claim for retaliation under the FLSA, and acknowledged that, if the FLSA claim was indeed viable, the employee would not be able to pursue an abusive discharge claim.

*Ruyter*, 2015 WL 759425, at *4 (internal citations omitted).  Thus, this case, like *Ruyter*, is distinguishable from *Randolph*, and falls within the general rule that plaintiff is precluded from bringing an abusive discharge claim where plaintiff has an available remedy under a federal or state statute.  *See Chappell,* 320 Md. at 493, 578 A.2d at 772.  As plaintiff Brown may pursue his retaliation claim under the FLSA, he is precluded from pursuing his state-law abusive discharge claim.  Accordingly, Defendants' Motions to dismiss Count VII of plaintiffs' Complaint must be GRANTED.

### II. Plaintiffs' Motion to Dismiss RRD's Counterclaim

Plaintiffs seek dismissal of RRD's counterclaim for breach of contract on the basis that the contracts which they are alleged to have breached, the ICAs, are "void and unenforceable as against the public policies underlying both the" FLSA and MWHL.  (ECF No. 40 at 1-2.) Specifically, Plaintiffs argue that: (1) an individual's status as independent contractor or employee cannot be determined by contract alone; (2) Plaintiffs/counter-defendants cannot waive their rights under the FLSA or MWHL; and (3) enforcement of the ICA's indemnification

---

[4] That is not to say that defendants do not dispute the merits of the retaliation claim, but merely that there is no dispute that Brown has an available remedy under the FLSA for retaliation.

clause would be contrary to the FLSA and MWHL's remedial purpose. (ECF No. 40-1 at 4-10.)

RRD argues in opposition that because the allegations in the counterclaim must be accepted as true under Rule 12(b)(6), the Court cannot at this point determine whether Plaintiffs are independent contractors—to whom the FLSA and MWHL would not apply—or employees. (ECF No. 42.) RRD relies upon *Astorga v. Castlewood Consulting, LLC,* 2015 WL 2345519 (D. Md. 2015) in support of its position.

The question now before the Court is largely analogous to that addressed in *Astorga*. As this Court there explained:

> While it may be true that employees cannot waive their rights under the FLSA, MWPCL, and MWFA, Plaintiff's argument assumes that he actually was a covered "employee" under these statutes. But the thrust of Defendants' argument is that Plaintiff *was not* a covered "employee" under relevant law. According to Defendants, Plaintiff executed the ICA and thereby acknowledged that he was "an independent contractor and [would] not represent [himself] to be an employee" of Defendants. While the parties here clearly dispute whether Plaintiff was as an independent contractor or an employee, for the purpose of analyzing the sufficiency of Defendants' counterclaim on a motion to dismiss, the Court must accept as true Defendants' allegation that Plaintiff was an independent contractor.

*Astorga v. Castlewood Consulting, LLC*, No. GJH-14-4006, 2015 WL 2345519, at *3 (D. Md. May 14, 2015)(emphasis in original)(internal citations omitted).

As in *Astorga*, plaintiffs here similarly assume that they are covered employees under the FLSA and MWHL. *See* ECF No. 40-1 at 5. However, as Plaintiffs' reference to the *Schultz* "economic realities" test reflects, whether Plaintiffs are employees or independent contractors is a legal question which the Court must determine based on the facts developed in discovery.[5] *Schultz v. Capital Int'l Sec., Inc.,* 466 F.3d 298, 304 (4th Cir. 2006). By contrast, in

---

[5] Indeed, several of the cases on which plaintiffs rely arise in the context of motions for summary judgment. *See McFeeley v. Jackson St. Entm't, LLC*, 47 F. Supp. 3d 260, 279 (D. Md. 2014), *aff'd,* 825 F.3d 235 (4th Cir. 2016); *Rogers v. Sav. First Mortg., LLC*, 362 F. Supp. 2d 624, 629 (D. Md. 2005).

reviewing a Rule 12(b)(6) motion, the Court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *du Pont*, 637 F.3d at 440.  Here, RRD has alleged adequately that Plaintiffs are independent contractors and that they have breached their agreement.  *See* ECF No. 34 at ¶¶3-4.  Accordingly, Plaintiffs' Motion must be DENIED.[6]

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss Count VII in which Plaintiff Brown alleges abusive discharge (ECF Nos. 22, 37) are GRANTED, and Plaintiffs' Motion to Dismiss Defendant's Counterclaim (ECF No. 40) is DENIED.

A separate Order follows.


Date:   December 28, 2016                               _____/s/_____
                                                        Richard D. Bennett
                                                        United States District Judge

---

[6] In reaching this Conclusion, the Court also notes that "the simple fact that Plaintiff signed an independent contractor agreement does not automatically mean he is an independent contractor." *Astorga*, 2015 WL 2345519, at *3 (citing *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir.1983)).