## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SPENCER BROWN, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-16-1203 |
| RAPID RESPONSE DELIVERY, INC. et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Spencer Brown, Zaire Acquaah, Lijalem Uregeha, Albert Sims, and Vincent Emmare (collectively, "Plaintiffs"), on behalf of themselves and those similarly situated, have filed an Amended Complaint (ECF No. 17)[1] against defendants Rapid Response Delivery, Inc. ("RRD"), NAPA Auto Parts of Hunt Valley, LLC ("NAPA"), and Timonium Auto Parts, Inc. ("TAP"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl., § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., § 3-501, *et seq.* ("MWPCL").

Currently pending before this Court is Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("Plaintiffs' Motion") (ECF No. 27). The parties' submissions have been reviewed, and no hearing is

---

[1] There are seven counts set forth in the Amended Complaint. (ECF No. 17.) Count VII was dismissed by a separate Memorandum Opinion and Order of December 28, 2016. (ECF Nos. 46, 47.) Count VI (FLSA Retaliation) is unique to plaintiff Spencer Brown and is not addressed in this Memorandum Opinion and related Order.

necessary.  *See* Local Rule 105.6 (D. Md. 2016). For the reasons described herein, Plaintiffs'
Motion for Conditional Certification (ECF No. 27) is DENIED.


BACKGROUND

Defendant Rapid Response Delivery, Inc. ("RRD") operates a delivery service located
in Savage, Maryland and employs courier drivers to make deliveries in Maryland and
surrounding states.  (ECF No. 17 at ¶ 21.)  Plaintiffs work (or worked) as drivers for RRD
and were assigned to drive exclusively for NAPA Auto Parts of Hunt Valley, LLC
("NAPA") and Timonium Auto Parts, Inc. ("TAP"), two of RRD's clients.  (*Id.* at ¶ 22.)
Plaintiffs performed this work at varying times since April 15, 2013.  (*Id.* at ¶ 23.)

Plaintiffs allege that RRD compensated Plaintiffs "a set amount for each delivery
completed dependent on the mileage of the delivery," and no other compensation.  (ECF
No. 17 at ¶ 25.)  NAPA and TAP schedule Plaintiffs to perform the delivery work from 8:00
a.m. to 6:00 p.m. from Monday through Friday, plus at least one 7:00 a.m. to 4:00 p.m.
Saturday shift per month.  (*Id.* at ¶ 26.)  Thus, while Plaintiffs "regularly work more than 40
hours per week," defendants allegedly do not pay Plaintiffs additional compensation for
overtime work and do not pay Plaintiffs the minimum wage for every hour of work
performed.  (*Id.* at ¶¶ 33-34.)

All three defendants contend that the plaintiff drivers are independent contractors
who "have the ability to set their own schedules," and "are permitted to take days off as they
wish, and not work or work other days that they choose." (ECF No. 36 at 3.)  Defendants
further assert that neither they nor the drivers maintained records of the time that plaintiffs

spent working.  (*Id.* at 4-5.)  Given the payment-per-delivery compensation structure, they

claim, "there would be no reason to precisely track, monitor, and record the time each driver

spent making deliveries, because the time associated with such is not related to the payment

structure."  (*Id.*)

STANDARD OF REVIEW

Under the FLSA, a plaintiff may bring an action on behalf of himself and other

employees so long as the other employees are "similarly situated" to the plaintiff.  29 U.S.C.

§ 216(b); *see also Quinteros v. Sparkle Cleaning, Inc.,* 532 F. Supp. 2d 762, 771 (D. Md. 2008).  As

this Court has previously noted, Section 216 "establishes an 'opt-in' scheme, whereby

potential plaintiffs must affirmatively notify the court of their intentions to be a party to the

suit." *Quinteros,* 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D.

516, 519 (D. Md. 2000)).  Section 216(b) provides, in relevant part, that:

> An action . . . may be maintained against any employer . . . in any Federal or
> State court of competent jurisdiction by any one or more employees for and in
> behalf of himself or themselves and other employees similarly situated.  No
> employee shall be a party plaintiff to any such action unless he gives his
> consent in writing to become such a party and such consent is filed in the
> court in which such action is brought.

29 U.S.C. § 216(b).

Furthermore, this Court has employed a two-step inquiry when deciding whether to

certify a collective action under the FLSA.  *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D.

Md. 2010); *Banks v. Wet Dog Inc.,* No. CIV.A. RDB-13-2294, 2015 WL 433631, at *1 (D. Md.

Feb. 2, 2015).  First, upon a minimal evidentiary showing that a plaintiff can meet the

substantive requirements of 29 U.S.C. § 216(b), the plaintiff may proceed with a collective action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is "similarly situated" in accordance with the requirements of § 216. *Rawls v. Augustine Home Health Care, Inc.,* 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The Court then renders a final decision regarding the propriety of proceeding as a collective action. *Id.* The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and thus is referred to as the "decertification stage." *Syrja,* 756 F. Supp. 2d at 686.

Whether to grant conditional certification is a matter of the court's discretion. *Syrja,* 756 F. Supp. 2d at 686 (stating that "[d]eterminations of the appropriateness of conditional collective action certification . . . are left to the court's discretion[]"); *see also Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). As the Court has explained, the "paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Williams v. Long,* 585 F. Supp. 2d 679, 684 (D. Md. 2008).

Plaintiffs bear the burden of showing that their claims are "similarly situated," but courts have ruled that "similarly situated" need not mean "identical." *See, e.g.,* *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001). This Court has held that a group of FLSA plaintiffs is similarly situated if they can show they were victims of a common policy, scheme, or plan that violated the law. *Mancia v. Mayflower Textile Servs. Co.,* CIV.A. No. CCB–08–273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008).

4

Plaintiffs' allegations thus "must consist of more than 'vague allegations' with 'meager factual support,' but [they] need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists."  *Id.* at *2 (quoting *D'Anna v. M/A–COM, Inc.,* 903 F. Supp. 889, 893 (D. Md. 1995).  Moreover, "[w]hen sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, . . . a court can . . . deny certification outright." *Syrja,* 756 F. Supp. 2d at 686 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.,* 629 F. Supp. 2d 544, 547 (E.D.Va. 2009)).  Plaintiffs may rely on "affidavits or other means" to make the required showing. *Williams,* 585 F. Supp. 2d at 683; *see also Bouthner v. Cleveland Const., Inc.,* CIV.A. No. RDB-11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012); *Ruiz v. Monterey of Lusby, Inc.,* CIV.A. No. DKC 13-3792, 2014 WL 1793786, at *1–2 (D. Md. May 5, 2014).

## ANALYSIS

Conditional certification of an FLSA collective action is not warranted in this case because "adjudication of the multiple claims in this case would require 'substantial individualized determinations for each class member.'" *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D. Md. 2010) (quoting *Purdham v. Fairfax County Pub. Sch.,* 629 F.Supp.2d 544, 547 (E.D.Va.2009)); *see also Archer v. Freedmont Mortg. Corp.,* No. CIV.A. GLR-12-1099, 2013 WL 93320, at *3 (D. Md. Jan. 7, 2013).

While plaintiffs make an ample showing that the approximately thirty putative plaintiffs perform similar work "with similar expectations…and subject to the same pay policies and practices," this position overlooks the fact that the actual work performed by

5

each class member varies substantially. (ECF No. 28 at 5.) That is, while all class members performed a common function—making deliveries—on behalf of defendants, their work varied in terms of the number of deliveries made, the destination of the deliveries, and, crucially, the time taken to make the deliveries. *See* Rumney Aff., ECF No. 36-1 at ¶ 8 ("I have discretion as to the order in which I make deliveries and the routes that I take. Multiple deliveries sometimes have a preferred order, but I have discretion and am able to take the route and make deliveries in the way that is most efficient for me."); Morgan Aff., ECF No. 36-2 at ¶ 8 ("The route that I take to make deliveries is typically decided by both myself and Rapid Response. They will hand me deliveries in a preferred order, based on when the requests come in. However, if I know of a better route, or realize that I will pass one location before another, I am able to make adjustments to my route."). The plaintiff drivers' work is thus similar to that of the field interviewers in *Syrja*, who "decide when to begin their work days, decide when to take breaks, determine their own daily and weekly travel itineraries, and decide when to end their respective work days." *Syrja*, 756 F. Supp. 2d at 684. Based on such differences—differences which necessitated individualized factual inquiries for each class member—this Court in *Syrja* declined to conditionally certify the proposed class.

Unlike in *Syrja*, but even more crippling to Plaintiffs' Motion, the plaintiff drivers in this case were never compensated based on the *time spent* working, but only for the *distances traveled* to make their deliveries.[2] *See* Sims Aff., ECF No. 28-4 at ¶ 12 ("I was compensated at

---

[2] In this respect, plaintiffs' claims in this case are distinguishable from those in *Flores v. Unity Disposal & Recycling, LLC*, No. G.JH-15-196, 2015 WL 1523018, at *5 (D. Md. Apr. 2, 2015), in which the plaintiffs "were paid daily flat rates that varied very little."

a set rate for each delivery completed, based on the number of miles traveled for that delivery.  I did not receive any other compensation.").  Nor is there any indication that records of the drivers' work hours even exist: nowhere in plaintiffs' briefs or in the accompanying affidavits do they suggest that they maintained such records, and defendants affirmatively assert that they do not have this information.  *See* ECF No. 36 ("Rapid does not precisely track, monitor, or record the driver's time….The records maintained by Rapid with regard to the driver's workload indicate the number of deliveries made by each driver, and the destination addressee for such delivery.").  This case is thus analogous to *Archer*, where the absence of records regarding the number of hours worked by plaintiffs led the Court to conclude that "[t]he determination of liability in this case—as well as the calculation of damages, should the Court or a jury ultimately find in favor of Plaintiffs—would require a complex reconstruction not only of the Plaintiffs' work hours, but also those of each member of the proposed class." *Archer*, 2013 WL 93320, at *4.  In the face of such speculative reconstruction, the Court in *Archer* found that conditional certification would not "lead to the efficient resolution of the claims at issue," and denied conditional certification. *Id.* (internal citations omitted).

In sum, the individualized determinations required for each class member, coupled with the need for "speculative reconstruction" of each plaintiff's work hours, persuade this Court that plaintiffs are not "similarly situated" for purposes of 29 U.S.C. § 216(b) so as to warrant conditional certification.  Accordingly, Plaintiffs' Motion is DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (ECF No. 27) is DENIED.

A separate Order follows.

Dated:  January 4, 2017                    ____/s/_____

Richard D. Bennett
United States District Judge